**Opinion issued August 21, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-25-00568-CV**

————————————

## IN THE INTEREST OF K.L.W., A CHILD

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-02559J**

---

## MEMORANDUM OPINION

On July 18, 2025, appellants, father and mother, proceeding pro se, filed a notice of appeal from the trial court's May 3, 2018 Final Decree for Termination in the underlying suit terminating their parental rights.

We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. In an accelerated appeal, which includes an appeal in a

parental-termination proceeding, a notice of appeal must be filed within twenty days of the date the order is signed. *See* TEX. R. APP. P. 26.1 (b) (in accelerated appeal, requiring notice of appeal to be filed within twenty days after date order is signed), 28.4 (classifying appeals in parental-termination cases as accelerated appeals). Accordingly, in order to invoke this Court's appellate jurisdiction over the trial court's May 3, 2018 termination decree, appellants were required to file a notice of appeal on or before May 23, 2018.[1] Appellants' July 18, 2025 notice of appeal was not timely filed.

On August 12, 2025, the Court notified appellants that it appeared the Court lacked jurisdiction over their appeal because the July 18, 2025 notice of appeal was not timely filed.[2] Appellants were directed to file a written response within ten days demonstrating, with citation to law and the record, showing that the Court had jurisdiction over the appeal.

---

[1] We note that appellants previously appealed the trial court's May 3, 2018 Final Decree for Termination, which was affirmed by this Court. *See In the Interest of K.L.W.*, No. 01-18-00485-CV, 2018 WL 6378008 (Tex. App.—Houston [1st Dist.] Dec. 5, 2018, pet. denied) (mem. op.).

[2] The Court further notified father, a vexatious litigant subject to a pre-filing order, that, based on the Court's records, there was no indication that he had sought, and obtained, permission from the local administrative judge prior to filing this appeal. As a vexatious litigant subject to a pre-filing order, father is prohibited from filing new litigation in any Texas court without such permission. Appellants' August 12, 2025 response to this Court's order failed to establish that father obtained the necessary permission before filing this appeal.

On August 12, 2025, appellants filed a response to the Court's notice. However, appellants' response failed to establish this Court's jurisdiction over appellants' appeal filed more than seven years after entry of the order sought to be appealed. Accordingly, we hold that the Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1(a)(1).

We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.